# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

OAT TRUSTEE, LLC SOLELY IN
ITS CAPACITY AS TRUSTEE FOR
GIROD TITLING TRUST

VERSUS

ELITE INVESTMENT GROUP LLC,
JASON ADAMS, AND WORLEY
CLAIMS SERVICES, LLC

**JUNE 21, 2022**

---

In Re:    Elite Investment Group, LLC, Highland Ventures, LLC, and Jason C. Adams, applying for supervisory writs, 21st Judicial District Court, Parish of Tangipahoa, No. 2020-0000447.

---

**BEFORE:    WHIPPLE, C.J., GUIDRY AND WOLFE, JJ.**

   **WRIT GRANTED IN PART WITH ORDER; WRIT NOT CONSIDERED IN PART.**   The portion of the trial court's September 16, 2021 judgment, which sustained the Exception of Res Judicata filed by Oat Trustee, LLC, Solely in its Capacity as Trustee for Girod Titling Trust ("Girod") and dismissed the reconventional demands of Elite Investment Group, LLC, Highland Ventures, LLC, and Jason Adams against Girod with prejudice, is a final appealable judgment.   See La. Code Civ. P. arts. 1841; 1915(A)(1).   In addition, although relators' notice of intent to take supervisory writs references the judgment denying their motion for new trial, this court considers a request for review of the denial of a motion for new trial as an appeal of the judgment on the merits as well, when it is clear from the appellants' brief they intended to appeal the merits of the case.  See **Jackson v. Wise**, 2017-1062 (La. App. 1st Cir. 4/13/18), 249 So.3d 845, 849, writ denied, 2018-0785 (La. 9/21/18), 252 So.3d 914.   Therefore, as to the Motion for New Trial and the underlying judgment, the writ is granted for the limited purpose of remanding the case to the trial court with instructions to grant relators, Elite Investment Group, LLC, Highland Ventures, LLC, and Jason Adams, a devolutive appeal pursuant to the pleading that notified the trial court of their intention to seek writs. See **In re Howard**, 541 So.2d 195, 197 (La. 1989) (per curiam). Additionally, a copy of this court's order is to be included in the appellate record.

   As to the portion of the trial court's February 17, 2022 judgment, which denied the Motion to Test Sufficiency of Sequestration Bond filed by defendants, Elite Investment Group, LLC, Jason C. Adams, and Highland Ventures, LLC, the writ is not considered.   Relators failed to provide a copy of the judge's reasons for judgment (if written); a copy of each pleading on which the judgment, order, or ruling was founded, including the petition(s) and the Motion to Test Sufficiency of Sequestration Bond; a copy of any opposition and any attachments thereto filed by a party in the trial court or a statement by relators that no opposing written document was filed; a copy of the pertinent court minutes; and signed return date order, in violation of Uniform Rules of Louisiana Courts of Appeal, Rule 4-5(C)(7), (8), (9), (10), and (11).   This court further requires relators

# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

to provide a complete copy of the transcript of the hearing on January 31, 2022, if any new application is filed.

Supplementation of this writ application and/ or an application for rehearing will not be considered. Uniform Rules of Louisiana Courts of Appeal, Rules 2- 18.7 & 4-9.

In the event relators seek to file a new application with this court, it must contain all pertinent documentation, including documentation to show that the original writ application was timely, the missing items noted above, and must comply with Uniform Rules of Louisiana Courts of Appeal, Rule 2-12.2. Any new application must be filed on or before July 05, 2022 and must contain a copy of this ruling.

**VGW**
**JMG**
**EW**

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT